UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | 3:15-cr-00013-RLY-WGH |
| ) | |
| DEREK BURRIS (01), ) | |
| ) | |
| Defendant. ) | |

**ENTRY ON DEFENDANT'S MOTION TO SUPPRESS**

Defendant, Derek Burris, is charged with conspiracy to distribute cocaine, possession with intent to distribute cocaine base (crack cocaine) and powder cocaine, felony possession of a firearm, and intent to commit money laundering. Defendant now moves the court to suppress evidence obtained as a result of a search of Defendant's vehicle on January 15, 2014. For reasons set forth below, the motion is **DENIED**.

**I.    Background**

Defendant has not disputed the following facts set forth in the Government's Response Brief (Filing No. 22 at 2–5).

In the fall of 2013, DEA officers began investigating the drug-related activities of Defendant. Based in part on information obtained from wire taps and physical surveillance, the court approved the use of an electronic tracking device on Defendant's vehicle. The tracking device revealed a pattern of behavior that officers believed to involve Defendant's regular drug distribution. Defendant would travel to 9501 Green

1

River Road and then to 906 Pfieffer Road (Defendant maintained both residences), before traveling to the Southeast side of Evansville to meet an associate, Mykale Davis.

On January 15, 2014, the DEA observed Defendant make the same travel pattern and called in Officer Reed of the Evansville Police Department who had a drug detection dog in his patrol vehicle. Officer Reed's computer check revealed that the license plate on Defendant's vehicle was registered to another automobile. Officer Reed pulled defendant over for this reason and on the belief that his window tint was too dark. While running a computer check on Defendant's license, Officer Reed noticed nervousness and "furtive gestures." The check revealed Defendant was driving with a suspended license. During this time, Officer Ward arrived on the scene. Officer Ward asked Defendant to step out of the vehicle, and Defendant complied and left the driver's door open upon exiting. At this time, Officer Reed walked his dog around the vehicle, and the dog gave a positive alert at the driver's door. The dog jumped into the vehicle and gave a positive alert to the driver's seat and console. Officers Reed and Ward searched this area and found 110 grams of cocaine base under the driver's seat.

Defendant admitted to possession and distribution. Officers obtained warrants to search the residences at 9501 North Green River Road and 906 Pfeiffer Road. The Pfeiffer residence contained 530 grams of powder cocaine, $19,451.00 cash, a 9mm handgun, and digital scales. The Green River location contained more scales and other paraphernalia, some covered in cocaine residue.

## II. Discussion

The temporary detention of an individual during a traffic stop constitutes a seizure within the meaning of the Fourth Amendment. *Carmichael v. Village of Palatine*, 605 F.3d 451, 456 (7th Cir. 2010) (citing *Delaware v. Prouse*, 440 U.S. 648, 653 (1979)). A traffic stop is lawful if an officer has probable cause to believe a traffic violation has occurred. *Whren v. United States*, 517 U.S. 806, 809–10 (1996). In the context of traffic stops, probable cause exists when the facts known to the officer reasonably give rise to the conclusion the suspect has committed a traffic offense. *Carmichael*, 605 F.3d at 457. In Indiana, driving with plates registered to another vehicle is a traffic violation that may warrant the temporary seizure of the vehicle. *See* Ind. Code §§ 9-18-2-27, 9-18-2-43. When conducting a lawful traffic stop, an officer may conduct unrelated investigations provided they do not unreasonably prolong the stop and the investigations are otherwise lawful. *Rodriguez v. United States*, ___U.S.___, 135 S. Ct. 1609, 1614–15 (2015).

Defendant claims the initial stop of his vehicle constituted an unreasonable seizure in violation of the Fourth Amendment. In support, Defendant asserts that Officer Reed lacked probable cause or reasonable suspicion of criminal activity to make the traffic stop. As such, Defendant asks the court to suppress as inadmissible any evidence obtained subsequent to the stop. Defendant's first argument, that the officers lacked probable cause to initiate the stop, fails. An officer has probable cause to conduct a traffic stop when the facts known to the officer reasonably give rise to the conclusion the suspect committed a traffic offense. *Carmichael*, 605 F.3d at 457. Officer Reed's computer check revealed that the plate on Defendant's vehicle was registered to a

different vehicle. This is a violation of Indiana traffic law giving rise to probable cause to conduct a traffic stop. *See* Ind. Code § 9-18-2-27(a).

Defendant also contends that allowing the dog to enter the vehicle amounted to an unreasonable search. The use of a drug detection dog during a lawful traffic stop does not constitute an unreasonable search *per se*. *See Illinois v. Caballes*, 543 U.S. 405, 410 (2005). Officer Reed already had his dog in his patrol car and only began utilizing the dog when Officer Ward took over conducting the traffic stop. Defendant does not suggest the use of the dog to investigate the vehicle's exterior prolonged the otherwise legal traffic stop. Thus, the dog sniff as to the exterior of the vehicle was not an unreasonable search. *See Rodriguez*, 135 S. Ct. at 616 (emphasizing that the "critical question" as to the legality of a dog sniff during a traffic code-related stop is whether the sniff prolongs the stop).

The court also approves of the use of the dog inside the vehicle. The Government contends—and Defendant does not challenge—that the dog made a positive reaction prior to jumping inside Defendant's vehicle. The dog's positive reaction to the open driver's side door established probable cause. *See Florida v. Harris*, 568 U.S. ___, 133 S.Ct. 1050, 1056 (2013) (noting the positive alert of a certified drug detection dog gives rise to probable cause). The Government contends that the positive alert occurred before the dog jumped into Defendant's vehicle. Once probable cause is established, an officer may conduct a warrantless search of the interior of a vehicle. *United States v. Ross*, 456 U.S. 798, 823 (1982); *United States v. Zahursky*, 580 F.3d 515, 521 (7th Cir. 2009) (citing *Carroll v. United States*, 267 U.S. 132, 153–56 (1925)). The scope of a

warrantless search extends to anywhere in the vehicle where the suspected contraband or evidence of a crime—in this case, drugs—can be hidden. *See id.* at 823–24. Officers may also use a dog to sniff the interior of the vehicle for the presence of drugs. *See United States v. Clark*, 657 F.3d 578, 583 (7th Cir. 2011) (citing *United States v. Sukiz-Grado*, 22 F.3d 1006, 1009 (10th Cir. 1994)). Because the dog first gave a positive alert outside the vehicle, the dog's search of the interior did not amount to an unreasonable search.

Even if the officers did not have probable cause, Defendant's Motion fails because the evidence would have been inevitably discovered. The inevitable discovery doctrine permits the introduction of impermissibly obtained evidence that would have eventually been obtained lawfully. *See United States v. Jones*, 72 F.3d 1324, 1330 (7th Cir. 1995) (citing *Nix v. Williams*, 467 U.S. 431, 448 (1984)). The Government has the burden of proving, by a preponderance of the evidence, that the evidence would have been lawfully found. *Id.* at 1335 (citations omitted). Here, because Defendant was driving his vehicle without a license and with improper plates, his vehicle would have been impounded and an inventory taken. *See Widduck v. State*, 861 N.E.2d 1267, 1270 (Ind. Ct. App. 2007) (finding Ind. Code § 9-18-2-43 required an officer to take a vehicle without a license plate into custody).

Inventory searches conducted as routine procedure are reasonable under the Fourth Amendment. *United States v. Cartwright*, 630 F.3d 610, 613 (7th Cir. 2010) (citing *South Dakota v. Opperman*, 428 U.S. 364, 376 (1976)); *see also United States v. Cherry*, 436 F.3d 769, 775 (7th Cir. 2006) (citing *United States v. Jensen*, 169 F.3d 1044, 1048

5

(7th Cir. 1999)) ("Warrantless inventory searches of cars in police custody are also proper as long as the police lawfully have custody of the vehicles.") (internal quotations omitted). Officers would have discovered the cocaine in the driver's seat and console area during a lawful inventory search of the vehicle. Thus, the inevitable discovery doctrine renders suppression of the evidence obtained during the traffic stop unwarranted.

### IV.   Conclusion

For the foregoing reasons, the Defendant's Motion to Suppress (Filing No. 21) is **DENIED**.

**SO ORDERED** this 30th day of June 2015.

                        RICHARD L. YOUNG, CHIEF JUDGE
                        United States District Court
                        Southern District of Indiana

Distributed Electronically to Registered Counsel of Record.